IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

**ASSOCIATION FOR DISABLED AMERICANS, INC., AND MICHELLE WISNIEWSKI**

   Plaintiff,

vs.

**THAI ISLAND RESTURUANT LLC.**

   Defendants.

_____

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

Plaintiff, MICHELLE WISNIEWSKI (hereinafter referred to as "Plaintiff" or "Wisniewski"), and THE ASSOCIATION FOR DISABLED AMERICANS INC. (hereinafter referred to as "Plaintiffs" or "Association" hereby sues the Defendants THAI ISLAND RESTURANT LLC. (hereinafter sometimes referred to as "Defendants," or " Thai Island"), for permanent injunctive relief for access and barrier removal pursuant to 42 U.S.C. § 12181, *et seq.* ("Americans With Disabilities Act"), the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction[1]

---

[1]    Florida Statutes §§ 553.501 through 553.513 and Florida Building Code Chapter 11.

(hereinafter collectively referred to as "FACBC"), a restaurant and related facilities commonly known as the Thai Island Restaurant, (hereinafter sometimes referred to as "Building" or "Premises").

## JURISDICTION

1. This Court has original jurisdiction over this action pursuant to Title 28 U.S.C. §§ 1331 and 1343 for Plaintiffs' claims arising under Title 42 U.S.C. §§ 12181, *et seq.*, based on Defendants' violations of Title III of the Americans With Disabilities Act (hereinafter "the ADA"). *See also* 28 U.S.C. §§ 2201 and 2202.

2. This Court also has pendant jurisdiction over all State law claims pursuant to Title 28 U.S.C. § 1367(a).

3. Venue in this district is proper under Title 28 U.S.C. § 1391, since all acts or omissions giving rise to this action occurred in the Southern District of Florida, Key West, Florida, and the subject Premises is located in Monroe County, Florida.

## PARTIES

4. Plaintiff, the Association for Disabled Americans, Inc., (hereinafter "the Association"), is a non-profit corporation organized and existing under the laws of the State of Florida.

5. The Association's members, including includes the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

6. The Association seeks to improve the economic and societal opportunities of its members by providing counseling and other services to its members as well as, when required, enforcing the legal rights to access for its members in order to

facilitate their participation and integration into society.

7. In so doing, the Association seeks to assure that public spaces and commercial premises are accessible to, and usable by, its members in the future; to assure its members that they will not be excluded from participation in, or be denied the benefits of, the services, programs or activities of public accommodations; and, to assure its members that they are not discriminated against because of their disabilities.

8. The Association and its members have suffered direct and indirect injury as a result of the Defendants' discriminatory practices described more fully herein, and will continue to suffer such injury and discrimination without the relief provided by the ADA and the FACBC as requested herein.

9. Defendants' discriminatory practices have forced the Association to divert resources from its counseling and other programs, thereby perceptibly impairing the Association's ability to provide services to its members and directly frustrating one of the goals of the Association – to facilitate access and integration for its members.

10. The Association has also been discriminated against because of its association with its members and their claims.

11. Plaintiff Michelle Wisniewski is a resident of the State of Florida who resides in Cudjoe Key Florida, located in Monroe County, Florida is *sui juris*, is a qualified individual under the ADA and the FACBC, and is a member of the Association for Disabled Americans, Inc.

12. Plaintiff Wisniewski suffers from, *inter alia*, acute respiratory failure and requires a

wheelchair to ambulate.

13. Plaintiff, the Association for Disabled Americans, Inc., [hereinafter "the Association"], is a non-profit corporation organized and existing under the laws of the State of Florida.

14. The Association's members, which includes the individual Plaintiff herein, are qualified individuals with disabilities under the ADA and the FACBC, including individuals with sight, hearing, mobility and other disabilities.

15. Plaintiff, Michelle Wisniewski, resides in Big Pine Key Florida, located in Monroe County, Florida.

16. Wisniewski is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been denied access to the premises as set forth more fully herein, and who will continue to be denied access without the injunctive relief requested herein.

17. Plaintiff Wisniewski is a quadriplegic, and suffers from *inter alia*, from end-stage (terminal) emphysema and requires an oxygen mask in order to breathe normally and also requires an electric scooter to ambulate at all times.

18. Plaintiff Wisniewski seeks to partake in the accommodations, privileges and advantages of the services offered by Defendants herein and accorded to her by the various civil rights statutes set forth herein.

19. Plaintiff Wisniewski visited the subject premises on October 1, 2010, and has been denied full access thereto.

20. Plaintiff Wisniewski was not able to safely access the facilities or services at Thai Island due to inaccessible parking on the premises.

21. Plaintiff Wisniewski was unable to safely enter the premises due to an inaccessible ramp at the entrance.

22. Wisniewski was not able to navigate comfortably (within the meaning if the ADA), throughout the premises due to inaccessible surface and barriers at seating areas, barriers prohibiting access to the second floor, nor was Wisniewski able to utilize the restroom.

23. Wisniewski spoke with management about the aforementioned barrier issues and was refused accommodations.

24. Plaintiff Wisniewski continues to be denied access thereto, within the meaning of the ADA and the FACBC, due to barriers she encountered during her visit to the premises.

25. Plaintiff Wisniewski is a resident of Cudjoe Key Florida, and desires to access the facilities of Thai Island .

26. Plaintiff Wisniewski will regularly return to the premises once the barriers violating the ADA and the FACBC are removed.

27. However, Plaintiff Wisniewski will be denied full access to the subject premises, as required by the ADA and the FACBC, and is thus deterred from returning to the Premises, unless the injunctive relief requested herein is granted.

28. The Defendant, Thai Island., and is a  registered for-profit limited liability company licensed to business in the state of Florida.

29. The Defendants  are the registered operator and/or lessor, and/or lessee, of the real property and improvements which are the subject of this action at the Subject Premises.

30. Unknown Defendant(s) are those Defendant(s) that manage, operate or otherwise exercise financial and other control over and within the subject premises, commonly known as the Thai Island Restaurant.

31. These Unknown Parties are expected to be identified and joined through early discovery, so that all proper Parties regarding this action are before the Court.

## Count 1

### Americans With Disabilities Action for Injunctive Relief

32. This action arises pursuant to Title 42 U.S.C. § 12181, *et seq* ("Americans With Disabilities Act").

33. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 32 of this Complaint as if fully stated herein.

34. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*.

35. The Congressional legislation provided commercial businesses one and a half (1½) years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. *See* 42 U.S.C. § 12181; 28 CFR § 36.508(a).

36. The premises which are owned, leased to or by, and/or operated by the Defendants, and which is the subject of this action, includes a restaurant, and related facilities.

37. The restaurant and related facilities must be, but are unable to be, accessed by individuals with disabilities, including the individual Plaintiff as required by the

ADA.

38. Pursuant to 42 U.S.C. § 12181(7) and 28 CFR § 36.104, the building which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

39. The Defendants have discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the premises, as prohibited by 42 U.S.C. § 12182 *et seq.*, and by failing to remove architectural barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

40. Pursuant to the mandates of 42 U.S.C. § 12134(a), the United States Department of Justice, Office of the Attorney General, promulgated federal regulations to implement the requirements of the ADA. *See* 28 CFR § 36, ADA Accessibility Guidelines (hereinafter referred to as "ADAAG").

41. The Defendants are in violation of 42 U.S.C. § 12181 *et seq.*, and 28 CFR §36.302*et seq.*, and are discriminating against the individual Plaintiff and the corporate Plaintiff as a result of, *inter alia*, the following violations.

    a. Disabled parking does not have signage mounted to be visible over the parked car pursuant to ADAAG 4.6.

    b. Disabled parking signage lacks requisite wording as well as amount of fine, "Van-Accessible" mounted below the symbol of accessibility, and "Tow Away Zone" pursuant to ADAAG 4.6. (Pictures 1 & 3)

    c. Disabled parking spaces are improperly configured, as proper delineation of the space and access aisle is not present pursuant to ADAAG4.6.2. (Pictures 1 & 4)

   d. Disabled parking is not located nearest the accessible entrance pursuant to ADAAG 4.6.2. (Pictures 1 & 4)

   e. The entrance ramp to the restaurant has an excessive slope exceeding 1:12 pursuant to ADAAG 4.8.3. (Picture 4)

   f. No compliant signage is present at the restrooms as they are not mounted on the wall at 60" above the finished floor, lack pictograms, lack Braille, lack proper contrast and are not tactile pursuant to ADAAG 4.30.

   g. The door leading to the restrooms lacks accessible door hardware requiring grasping and twisting precluded by ADAAG 4.13.9. (Picture 5)

   h. The doors to the restrooms lack the minimum 32" clearance pursuant to ADAAG 4.13.5. (Picture 5)

   i. A lavatory lacks clearance beneath as a pedestal is present precluded by ADAAG 4.19.2. (Pictures 6 & 12)

   j. The control on the paper towel dispenser is beyond reach parameters of 48" precluded by ADAAG 4.2.5 & 4.27. (Picture 7)

   k. The toilet paper dispenser is not mounted at 19" and is not 36" from the back wall pursuant to ADAAG 4.16.6. (Picture 9)

   m. The grab bars at the rear of the commode are 24" when 36" is required pursuant to ADAAG 4.16.4. (Pictures 9 & 11)

   n. The commode is not mounted at 17"-19" above the finish floor pursuant to ADAAG 4.16.6. (Pictures 9 & 11)

   o. Inadequate clear floor space is present for an individual who uses a wheelchair to turn around within the restroom pursuant to ADAAG 4.2.3, 4.16.2 & 4.22.3. (Pictures 5, 6, & 9 -12)

   p. No access is available to the main dining area or exterior patio dining area precluded by ADAAG 4.1.3(1), and 4.3.2.

41. The individual Plaintiff and the corporate Plaintiffs has been denied access to, and the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendants because of Defendants' ADA violations set forth above.

42. Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage and will be deterred from returning to the premises without the relief provided by the ADA as requested herein.

43. Besides the individual Plaintiff claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See* **Hunt v. Washington State Apple Advertising Commission,** 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit). *Accord,* **Doe v. Stincer,** 175 F.3d 879 (11th Cir. 1999).

44. Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

45. Plaintiffs are entitled to recover those attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205.

46. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs' injunctive relief including an order to alter the subject facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are complete.

47. The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiffs respectfully request the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices, ordering the Defendants to alter the subject premises as appropriate to comply with the ADA, and awarding Plaintiffs reasonable attorney fees, costs and litigation expenses incurred in this action, and closing the subject premises until the requisite modifications are completed.

## COUNT II

### Action for Violations of the Florida Americans With Disabilities Accessibility Implementation Act

48. This an action for injunctive relief pursuant to the Florida Americans With Disabilities Accessibility Implementation Act pursuant to Title XXXIII, Part II, Chapters 553.501 through 553.513 of the Florida Statutes.

49. Plaintiffs adopt and re-allege the allegations stated in paragraphs 1 through 48 of this Complaint as if fully stated herein.

50. Florida Statutes § 553.503 adopted and incorporated as law of the State of Florida "The Federal Americans with Disabilities Act Accessibility Guidelines, (ADAAG), as adopted by reference in 28 CFR §36, subparts A and D,[2] and Title II of Public Law No. 101-336,[3]" subject to the additional requirements of Fla. Stat. § 553.504.

51. Florida Statutes § 553.503, required the adoption of the Florida Accessibility

---

[2]  28 CFR §§ 36.101, *et seq,* 36.401, *et seq.*

[3]  42 U.S.C.A. § 12131, *et seq.*

Code for Building Construction (hereinafter FACBC). The FACBC establishes standards for accessibility to places of public accommodation and commercial facilities by individuals with disabilities to take effect on October 7, 1997. *See* FACBC Chapter 11 and Fla. Stat. § 553.503.

52. In addition, Fla. Stat. § 553.502 provides that "nothing in §. 553.01-553.513 is intended to expand or diminish the defenses available to a place of public accommodation under the Americans with Disabilities Act and the Federal Americans with Disabilities Act Accessibility Guidelines, including, but not limited to, the readily achievable standard, and the standards applicable to alterations to places of public accommodation." Fla. Stat. § 553.502.

53. Title XXXIII, Part IV, Florida Building Code, Chapter 553.73(b) of the Florida Statutes provides:

> <u>The technical portions of the Florida Accessibility Code for Building Construction shall be contained in their entirety in the Florida Building Code.</u> The civil rights portions and the technical portions of the accessibility laws of this state shall remain as currently provided by law. Any revision or amendments to the Florida Accessibility Code for Building Construction pursuant to part II shall be considered adopted by the commission as part of the Florida Building Code. Neither the commission nor any local government shall revise or amend any standard of the Florida Accessibility Code for Building Construction except as provided for in part II.

Fla. Stat. § 553.73(b), (emphasis added).

53. Title XXXIII, Part IV, Florida Building Code, Chapter 553.84 of the Florida Statutes provides, *inter alia*:

> Notwithstanding any other remedies available, any person or party, in an individual capacity or on behalf of

> a class of persons or parties, damaged as a result of a violation of this part or the Florida Building Code, has a cause of action in any court of competent jurisdiction against the person or party who committed the violation;

Fla. Stat. § 553.84.

54. Title 28 CFR § 36.103(c), provides that the ADAAG "does not invalidate or limit the rights remedies and procedures of any other State or local law (including State Common Law) that provide greater or equal protection for the rights of the individuals with disabilities or individuals associated with them." *Id.*

55. At all times here relevant, Defendants had a duty under Fla. Stat. § 553.501, *et seq.*, to provide access to the subject premises by Plaintiffs herein.

56. Defendants breached their duty to provide access to the subject premises by Plaintiffs and thereby discriminated against Plaintiffs, all in violation of Fla. Stat. § 553.501, *et seq.*, as follows:

> a. Disabled parking does not have signage mounted at 84" to the bottom of the sign and is not visible over the parked car pursuant to ADAAG 4.6, FACBC 11-4.6 and 553.5041 of the Florida Statutes. (Pictures 1 & 3)
>
> b. Disabled parking signage lacks requisite wording as well as amount of fine, "Van-Accessible" mounted below the symbol of accessibility and "Tow Away Zone" pursuant to ADAAG 4.6.4, FACBC 11-4.6.4 and Florida Statute 553.5041. (Pictures 1 & 3)
>
> c. Disabled parking spaces are improperly configured, as proper delineation of the space and access aisle is not present pursuant to ADAAG 4.6.2 & FACBC 11-4.6.3. (Pictures 1 & 4)
>
> d. Disabled parking is not located nearest the accessible entrance pursuant to ADAAG 4.6.2, does not provide an accessible route of no less than 44" so that users will not be compelled to walk or wheel behind parked vehicles, FACBC 11-4.6.2(1), curb ramps located outside of the disabled parking spaces and access aisles and section 553.5041 of the Florida Statutes. (Pictures 1 & 4)

e. The entrance ramp to the restaurant has an excessive slope exceeding 1:12 pursuant to ADAAG 4.8.3 and FACBC 11-4.8.2. (Picture 4)

f. The entrance ramp to the restaurant does not provide a 60" by 72" landing pursuant to FACBC 11-4.8.4 and 11-4.5.2. (Picture 4)

g. The entrance ramp does not provide the required 44" width as it is a means of egress pursuant to FACBC 11-4.8.3. (Picture 4)

h. The entrance ramp does not provide handrails or handrail extensions pursuant to FACBC 11-4.8.5. (Picture 4)

i. The entrance ramp does not provide edge protection pursuant to FACBC 11-4.8.7. (Picture 4)

j. The grab bars at the rear of the commode are 24" when 36" is required pursuant to FACBC 11-4.17.3. (Pictures 9 & 11)

k. The grab bar at the side of the commode does not extend 54" from the back wall pursuant to FACBC 11-4.17.3. (Picture 9)

l. The toilet stall lacks adequate width and adequate depth for an individual who uses a wheelchair to transfer onto the commode or to close the stall door pursuant to FACBC 11-4.17.3. (Picture 9)

m. No access is available to the main dining area or exterior patio dining area precluded by ADAAG 4.1.3(1), 4.3.2 & FACBC 11-4.1.8 and section 553.509 of the Florida Statutes.

56. The individual Plaintiff and the corporate Plaintiff members have been denied access to, and has been denied the benefits of, services, programs and activities of the premises and its facilities, and has otherwise been discriminated against and damaged by the Defendant because of Defendant's FACBC violations set forth above.

57. Besides the individual Plaintiff's claim asserted herein, similar claims are also asserted on behalf of the Association and its other members as the claims do not require the participation of each individual member. *See **Hunt v. Washington State***

*Apple Advertising Commission,* 432 U.S. 333, 342-43 (1977)(recognizing that an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit).  *Accord, Doe v. Stincer,* 175 F.3d 879 (11th Cir. 1999).

58.  Furthermore, Plaintiffs will continue to suffer such discrimination, injury and damage without the relief provided pursuant to the FACBC as requested herein.

59.  Plaintiffs have been obligated to retain undersigned counsel for the filing and prosecution of this action, and have agreed to pay counsel reasonable attorneys' fees, including costs and expenses incurred in this action.

60.  Plaintiffs are entitled to recover those attorneys' fees, costs and expenses from the Defendants pursuant to 42 U.S.C. § 12205.

60.  Pursuant to Title 28 U.S.C. § 1367(a), Fla. Stat.  §§ 553.501, *et seq.*, and 42 U.S.C. § 12188, and Fla. Stat. § 553.84, this Court is provided with authority to grant Plaintiffs' injunctive relief including an order to alter the subject premises and facilities to make them readily accessible to, and usable by, individuals with disabilities to the extent required by the FACBC, and closing the subject premises and facilities until the requested modifications are completed.

48.  The Plaintiffs demand a non-jury trial on all issues to be tried herein.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining the Defendants from continuing their discriminatory practices,

ordering the Defendants to alter the subject premises as appropriate to comply with the FACBC, and closing the subject premises until the requested modifications are completed.

Respectfully Submitted,

s/Robben M.Heethuis.,ESQ (Florida Bar No.75899)
Email: Max.Heethuis@hotmail.com
Heethuis and Associates LCC
1888 NW 7th Street
Miami, FL 33125
Phone: (269-370-4751
Attorney for Plaintiffs: The Association For Disabled Americans, Inc./Michelle Wisniewski