IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 4:11-CV-10016-MARTINEZ/BROWN

FLORANCE IRETON AND THE ASSOCIATION )
FOR DISABLED AMERICANS., )
)
Plaintiffs, )
)
vs. )
)
THAI ISLAND RESTAURANT LCC AND OTHERS )
UNKNOWN., )
)
Defendants. )
)
)
)

## CONFIDENTIAL
### STIPULATION FOR SETTLEMENT

IT IS HEREBY stipulated and agreed by and between Plaintiffs, Florence Ireton and the Association For Disabled Americans (referred to herein as "Plaintiffs") and Defendants, Thai Island LCC and Others Unknown., (sometimes referred to herein as "Defendant"), (all parties collectively referred to as the "Parties"), as follows:

### RECITALS

WHEREAS, Plaintiffs filed this action against Defendants for alleged violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, *et seq.*, [hereinafter "ADA"], and the American With Disabilities Act Accessibility Guidelines, 28 CFR 36, Appendix A, [hereinafter "ADAAG"], "], the Florida Americans With Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building

1

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

Construction[1] (hereinafter collectively referred to as AFACBC,@) at a property bearing the business name "Thai Island LCC," is a Restaurant and related facilities located at 711 Eisenhower Drive Key West Florida 33040, and pursuant to which Plaintiffs sought a permanent mandatory injunction and attorneys' and expert's fees, litigation expenses and costs;

WHEREAS, Plaintiffs and Defendant have agreed to a resolution of this action as set forth in this Stipulation For Settlement; and

---

[1] Florida Statutes [1] 553.501 through 553.513 and Florida Building Code Chapter 11.

2

Edition [hereinafter AFACBC@]. The petition shall further request that the signage shall comply with '316.1955(6) of the Florida Statutes (1997), shall indicate that violators will be towed and subject to a $250.00 fine, and shall otherwise comply with 11-4.6.4 of the FACBC and sections 4.1.3(7), 4.6.4 and 4.30.7 of the ADAAG.

(1) The Defendants shall make a good faith and diligent effort to have the City of Key West provide the on-street disabled parking space described herein, and shall provide the City of Key West, within reason, with all matters it may request in order to grant same. Provided that Defendants shall not be required nor obligated to give anything of value or pay remuneration to the City of Key West for such disabled parking space(s). Further, the Defendants shall simultaneously with the submission to the City of Key West, provide copies of all requests and supporting documents to Plaintiffs' counsel. Additionally, the Defendants shall further provide copies of all correspondence or other documents that the City of Key West submits to the Defendants regarding this matter.

b. **INITIAL ACCESS INTO THE PREMISES:**

and/or alterations at the Main Entrance of the facility:

(1) SIGNAGE: A permanent sign shall be installed in a conspicuous place at the Main Entrance and otherwise conforming in all respects to 4.30 of the ADAAG. The sign shall be permanently mounted, shall contain a pictogram of the international symbol of accessibility, ["ISA"], as illustrated in Figures 43(a) and (b) of the ADAAG, with a border dimension at least 6 inches in height pursuant to 4.30.4 of the ADAAG, and shall otherwise conform to 4.30.2, 4.30.3, 4.30.5 and 4.30.6 of the ADAAG. The sign shall indicate the location of the accessible entrance immediately north of the Main Entrance to the premises.

1. (2) ENTERANCE RAMP: Currently, The entrance ramp to the restaurant has an excessive slope exceeding 1:12 pursuant to ADAAG 4.8.3 and FACBC 11-4.8.2. Parties mutually agree to seek an easement or variance from the City of Key West together with the parking referenced in paragraph

5

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

(a), so that the entrance ramp may be modified so the ramp has a slope is no greater then 1:12 pursuant to ADAAG 4.8.3. If special limitations prohibit the slope of the ramp from being no greater then 1:12 as stipulated above, the ramp shall contain the following:

i. The ramp shall have a slope between 1:10 and 1:12 for a maxim rise of six (6) inches. The ramp shall have a slope between 1:8 and 1:10 for a maximum rise of three (3) inches. The ramp shall comply with 4.1.1 of the ADAAG to the maximum extent feasible.

A. The entrance ramp shall provide a landing of sixty (60) by seventy-two (72) inches pursuant to 11-4.8.4 and 11.4.5.2 of the Florida Accessibility Code For Building Construction.

B. The ramp shall provide a forty-four (44) inch clear width as it is a means of egress pursuant to 11-4.8.3. The ramp shall have handrails and hand rail extensions in compliance with 11-4.8.5 (2) of the Florida Accessibility Code For Building Construction. Handrail extensions shall be on both sides of the ramp segments with 1 ½ inch clear space between the handrail and the wall. Tops of handrail gripping surfaces shall be mounted between thirty-four (34) and thirty-eight (38) inches above the handrail surface. Handrails shall be continuous along the ramp surface, and firm in their fittings and rounded smoothly to the floor, wall, or post connected to the ramp.

C. Ramps with landings and drop-offs shall have curbs, walls, rails, or projecting surfaces that prevent people from slipping off the ramp compliant with 11-4.8.7 of the FACBC. Curbs shall be a minimum of two (2) inches high.

D. If after diligent and reasonable efforts the defendants are not able to obtain the required approvals from the City of Key West to erect the entrance ramp on the City sidewalk that runs in front of the entrance to Thai Island, the defendants' shall not be obligated to provide the entrance ramp that meets the requirements of paragraph (2) of this Agreement; however, the defendants shall remain obligated to construct an entrance ramp to the extent reasonably possible, and to the extent reasonably in compliance with the ADA under the circumstances. Nothing herein shall

prevent the plaintiffs from pursuing any legal or administrative action against the City of Key West should the City of Key West refuse to issue the appropriate approvals for construction of the entrance ramp required by this Agreement.

**PATH OF ACCESS WITHIN THE PREMISES:** The accessible entrance shall lead into an accessible route complying with 4.3.3 of the ADAAG in all respects. The accessible route will lead from the accessible entrance, to all the indoor and outdoor dining areas' accessible tables and bar and to the accessible unisex restroom.

i. **RAMP TO OUTDOOR PATIO DINING AREA:** In the event vertical access is provided Defendants shall install a ramp leading from the upper level of the interior to the outdoor patio area. The ramp shall have slope no greater then 1:12. The landing of the ramp shall be a minimum of sixty inches clear. The ramp shall comply with 4.8 of the ADAAG in all respects.

ii. **ENTRY WAY LEADING FROM THE EXTERIOR DINING AREA TO THE INTERIOR DINING AREA:**
The door between the exterior and interior seating shall be modified so that it is operable with one hand and does not require tight grasping, pinching, or twisting of the wrist to operate, in compliance with 4.13.9 of the ADAAG and 11-4.13.9 of the FACBC. (Note: lever type handles would fulfill this requirement). Also, the door shall have an opening resistance not exceeding 8.5 foot pounds, and closing delays of not less than three (3) seconds, and otherwise complying with 4.13.10 and 4.13.11 of the ADAAG and 11-4.13.10 and 11-4.13.11(2)(a) of the FACBC.

iii. **INDOOR DINING AREA:** Defendants shall maintain a thirty-six (36) inch path of access from the entry door leading from the outside dining are to the accessible table(s) bar and unisex restroom in the indoor dining

7

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

area    The path of access within the indoor dining area shall comply with 4.3.3 of the ADAAG in all respects.

a. **ACCESSIBLE TABLES:** At least five (5) percent of the total restaurant tables, in each area but not less than two (2) on the first level shall be made accessible and shall be located with a view close to the windows and shall be on or adjacent to an accessible route from the entrance to the bar and shall comply with the following:

i. Knee space at least twenty-seven (27) inches high, thirty (30) inches wide and nineteen (19) inches deep shall be provided to comply with Figure 45 and 4.32.3 of the ADAAG in all respects.

ii. The tops of the accessible tables shall be twenty-eight (28) to thirty-four (34) inches above the finish floor or ground and otherwise comply with 4.32.4 of the ADAAG in all respects.

iii. The accessible tables shall be located on an accessible path of travel of not less than thirty-six (36) inches wide as required by 4.3.3 of the ADAAG. Additionally, at least one (1) accessible table in each area shall be capable of providing seating for a multiple party of individuals who use a wheelchair.

iv. The accessible tables shall be dispersed so that at least one table is located and interior dining area. near the bar to fulfill the requirements of ADAAG 5.2. Defendant shall ensure that any amenities provided at the bar are provided at the accessible table.  This would include maintaining a line of site for individuals at the table to view any TV or other amenities even when individuals are seated at the bar. Defendant shall permanently mount signage at the bar with the ISA (International Symbol of Accessibility) indicating that assistance is available for patrons with disabilities Defendants shall establish a policy and procedure whereby staff will advise patrons with disabilities of the alternative locations for accessible tables. This policy and procedure shall be part of the Employee Training described below.

8

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

    v. Defendants shall also affix a laminated pictogram of the international symbol of accessibility, as illustrated in Figure 43(a) and (b) of the ADAAG, on each accessible table. In the event Defendants utilize tablecloth settings, Defendants shall permanently affix the pictogram on a table support or other prominent location near the table.

    vi. **LOWER-LEVEL BAR:** No lowered section of the interior bar is present for individuals who use a wheelchair pursuant to ADAAG 5.2. This is in addition to the accessible table provided at the Bar dining area for patrons. Defendant shall ensure that any amenities provided at the bar are provided at the accessible table. Further, Defendant shall activate the closed captioning on the Televisions in the Bar area.

    vii. On the upper level, tables shall be dispersed so that each accessible table is on an indoors accessible route complying with ADAAG 4.3.3 & 4.32, one next to the windows, another in the larger eating area to the right of the stairs and one on the exterior patio. If at some point vertical access is provided to the second level, an additional accessible table on the exterior patio shall be required with one table next to the building of providing cover and the second in the railing providing a line of sight to the Marina. At least one of the tables in each area shall be capable of providing seating for a multiple party of individuals who use wheelchairs

  b. **PORPORTIONALITY OF DOWNSTAIRS AND UPSTAIRS LEVELS OF THE INTERIOR DINNING AREA:**

    i. The Defendants to the present action agree to establish a policy whereby Defendants will make the downstairs and upstairs of equal and proportionate quality to the upstairs level so that customers with a disability may enjoy the goods, services, facilities, privileges, advantages, and accommodations of the facility in an integrated setting provided on both the upper and lower levels to the maximum extent feasible and to

9

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

insure that no customer is denied or excluded from such accommodations on the basis of a disability. Where a particular good, service, privilege, advantage, or accommodation that is available on the second floor and is not readily achievable on the first or vice versa, Defendants shall insure that an alternative method of providing the good, service, privilege, advantage or accommodation is provided to the maximum extent feasible pursuant to the provisions of 28 CFR 36.202 and 36.203(a-c).

    a.    Defendants shall also establish a policy pursuant to the provisions of 28 CFR 36.202 and 36.203(a-c),whereby Defendants practices and procedures permit the use of service animals as a reasonable accommodation to customers with a disability. Employees shall be trained on the use of service animals by the customers with a disability as per the employee training section below.

c.

**EMPLOYEE TRAINING:**

    i.    In order to assure to the maximum extent feasible that the accessible tables are available to individuals with disabilities, Defendants shall implement a policy and training procedure (either verbal or written) and shall provide training to each employee who is expected to come in contact with members of the general public as part of his/her regular duties.

    ii.    As part of Defendants' training program, Defendants' policy shall advise each service employee not to seat able-bodied patrons at the accessible tables until all other tables are occupied.

    iii.    Defendants' policy shall direct each service employee that in the event an individual with a disability is attempting to obtain service at the dining areas, said employees shall assist the individual with a disability to an accessible table in the dining area, which shall be within a reasonable and accessible distance from the accessible entrance to said accessible table, or to assist the individual with

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

disabilities to an accessible table in the indoor dining area, which shall be within a reasonable and accessible distance from the windows.

iv.     The policy shall also advise service employees to provide menu-reading services to patrons with visual impairments and provide pad and pencil to patrons with hearing or speech impairments. To accomplish equivalent facilitation and effective communication pursuant to 28 CFR Part 36.202, 36.203, and 36.303, to patrons with a disability to our dining on the first level, a means of patrons to contact wait staff shall be established when waiters and waitresses are on the second level and patrons on the first level may require service.   To effectuate comparable communications, a walkie-talkie, beeper, notification system,, or equivalent shall be provided to the patron to be able to request from staff their particular needs for service.   Staff shall immediately provide response to the patron either personally or through the electronic medium.   (Cost for walkie-talkies have been found to be less than $25.)

v.     The policy shall also direct each service employee to assist any individual with a disability seeking assistance in the same manner and in the same order of any other patron seeking said assistance.

vi.     The policy shall advise that all patrons, whether disabled or not, shall not be discriminated against and shall be served in the same order in which each respective patron seeks service or assistance.

vii.     Plaintiffs recommend that the following disability sensitivity training video (or other similar videos) be incorporated in Defendants' training program.

> (1)     Serving Customers with Disabilities – This 15-minute video offers strategies and techniques to effectively serve customers with disabilities. Salenger Films. (OC). See also, http://www.monadtrainersaide.com/ Categoricals/MiniCats/ADA.pdf.

11

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

    d.    **RESTROOMS:**

        i.    **EXISTING RESTROOMS** – Defendant shall modify the existing restroom nearest the stairs so that the restroom is a fully compliant unisex facility to the maximum extent feasible. The modifications shall be as follows:

        (1)   Signage-There shall be a permanent accessible sign posted on the exterior of the current men's restroom, which shall be mounted on the latch side of the wall (not the center of the door) at sixty (60) inches above the finished floor to the centerline of the sign. The sign shall also have the ISA (International Symbol of Accessibility), be in Braille and shall otherwise comply with 4.30 of the ADAAG and 11-4.30 of the FACBC in all respects. The sign shall indicate that this is the accessible unisex restroom.

        (2)   Door Thresholds-Any threshold shall have a height not exceeding one half (½) inch and shall be beveled or otherwise modified to have a slope of no greater than 1:2, complying with 4.5.2 of the ADAAG in all respects.

        (3)   Door Hardware-The door hardware on the entrance door shall be operable with one hand and shall have a shape that does not require tight grasping, pinching, or twisting of the wrist to operate, and otherwise comply with 4.27.4 and 4.13. of the ADAAG in all respects. (Note: lever type handles would fulfill this requirement).

        (4)   Door Resistance-The door shall have an opening resistance not exceeding 5.0 foot-pounds, and if closers are used, a closing delay of not less than three (3) seconds, complying with 4.13.10 and 4.13.11 of the ADAAG and 4.13.11(2)(b) of the Florida Building Code in all respects.

        (5)   Maneuvering Clearances- Doors to the restroom shall have appropriate maneuvering clearances and offsets of not less than eighteen (18) inches on the pull side, and twelve (12) inches on the push side usable

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

by an individual with a mobility device of the door complying with 4.13.5, 4.13.6, 4.13, 9, 4.13.11 and Figures 24, 25 and 26 of the ADAAG in all respects. This may be accomplished by installing swing-clear/offset hinges. A privacy latch shall be installed on the interior of the door complying with 4.2.5(a) and 4.27 of the ADAAG.

(6) Restroom Configuration- The restroom shall be configured so as to allow an individual in a wheelchair a side-approach to the commode pursuant to FAC8C 11-17.3. (Pictures 30 a and 30 e.)

(7) Toilet Stall-The toilet shall be seventeen (17) inches to nineteen (19) inches measured from the finish floor to the top of the toilet seat, complying with 4.16.3 of the ADAAG in all respects. The flush valve control on the toilet in the accessible stall shall be mounted on the wide side of the toilet no more than 44 inches above the floor, in compliance with 4.16.5 of the ADAAG.

(8) Grab Bars- The toilet shall have a grab bar measuring thirty-six (36) inches in length on the wall at the back of the toilet, and a grab bar measuring forty-two (42) inches in length on the wall at the nearest side of the toilet, and otherwise comply with 4.16.4 and Figure 30(a)(1) of the ADAAG in all respects.

(9) Toilet Paper Dispenser- Toilet Paper dispensers shall be mounted nineteen (19) inches above the floor and no more then thirty-six (36) inches from the back wall pursuant to ADAAG 4.16.6. Toilet Paper Dispensers shall provide continuous paper flow.

(10) Paper Towel Dispensers-Defendants shall Ensure that paper towel dispensers shall be mounted so that the contents are reachable at a height not exceeding forty-eight (48) inches, complying with 4.2.5 and Figure 5(a) of the ADAAG. Dispensers shall also comply with the operational

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

requirements of ADAAG 4.27.4, shall be operable with one hand, and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate controls shall be no greater than 5 lbs (lever activated, push mechanism, or motion detected would fulfill this requirement. . Toilet Paper Dispensers shall provide continuous paper flow.

(11) **Lavatory**-The lavatory shall be mounted so that the rim or counter surface is no higher than thirty-four (34) inches above the finished floor, shall provide a clearance of at least twenty-nine (29) inches above the finished floor prescribed by Figure 31 of the ADAAG, complying with 4.19.2 of the ADAAG in all respects. . Hot water and drainpipes shall be configured to protect against contact, and otherwise comply in all respects with 4.19.4 of the ADAAG and 11-4.19.4 of the FACBC.

(12) **Coat Hooks**-If a coat hook is present, a it shall be mounted on the interior of the restroom so that the reach thereto does not exceed forty-eight (48) inches, complying with 4.2.5 and Figure 5(a) of the ADAAG in all respects.

(13) **Urinal**-The urinal shall be mounted with an elongated rim at a maximum of seventeen (17) inches above the finished floor, and otherwise comply with 4.18 of the ADAAG in all respects.

(14) **Mirrors**-At least one mirror shall be mounted so that the bottom edge of the reflecting surface is no higher than forty (40) inches above the finished floor, and complying with 4.23.6 and 4.19.6 of the ADAAG in all respects. As an alternative to the foregoing, a full-length mirror may be added to the restroom.

e. **MAINTENANCE OF ACCESSIBLE FEATURES:** Defendants shall ensure that all accessible features herein are properly maintained, remain operable and in working order pursuant to the provisions of 28 CFR 36.211.

14

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

7. **Time for Modifications:** The alterations and modifications required so that the parking spaces are on an accessible route to an accessible entrance, the petition for the entrance ramp door resistance door hardware, and maneuvering clearance in the restrooms shall be completed in all respects within six (6) months from the date of the signing of this Stipulation (subject to the contingencies described below). With respect to the entrance ramp, if after a diligent effort to petition the City of Key West in writing for an easement to provide the entrance ramp, the requested six (6) months to complete the entrance ramp elapses, through no fault of Defendants, Defendants shall be allowed a reasonable time exceeding the six (6) months stipulated herein to complete the entrance ramp. The remaining modifications shall be completed by April 30, 2013 (subject to the contingencies described below). Plaintiffs' representatives shall be provided access to the premises upon thirty-six (36) hours notice during normal business hours to verify progress and completion of the work required hereby

    a. The Parties agree that in the event Defendants have timely commenced the modifications required hereby, and have proceeded with the completion thereof in good faith and with due diligence, but have been delayed in the completion thereof due to acts of God, or events beyond the control of Defendants, then, only to the extent the failure to timely complete does not result from Defendants' failure to act diligently and in good faith and provided that, before the expiration of time for completion of the requirements established hereby, Defendants provide Plaintiffs with written notice of the specific non-compliance and the reasons therefore, the time requirements established hereby shall be extended only to the extent necessitated by such acts of God or other events beyond Defendants' control.

8. **Breach:** The Parties are unable to ascertain with definitiveness the value of damages Plaintiffs would incur in the event that Defendants fail to timely complete the alterations and modifications required by this Stipulation for Settlement. The parties wish, however, to ascribe a range of values for damages resulting from such non-compliance. The parties therefore agree that should Defendants fail to timely comply with the alterations and modifications required hereby (subject to the exceptions in paragraph 7(a) above), or should Defendants fail to comply with the other requirements set forth in this Stipulation, then Plaintiffs shall be awarded as liquidated damages a sum of no less than $100.00 per day per day until said alterations and modifications or other requirements are complete. The appropriate amount to be awarded within that stipulated

15

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

range will be determined by the Court in relation to the severity of the Defendants' non-compliance. Plaintiffs shall be entitled to award for those damages and to obtain injunctive relief from the Court to compel compliance with the terms of this Stipulation for Settlement. Additionally, in the event the modifications and alterations set forth herein are not completed timely, or Defendants otherwise fail to comply with this Stipulation for Settlement, Plaintiffs shall be entitled to all reasonable attorneys' and reasonable expert's fees and costs incurred by Plaintiffs to enforce the terms of this Stipulation for Settlement.

9. **Attorney's Fees & Costs:** Defendants shall pay Plaintiffs' Max Heethuis, Esq. for attorney's fees, litigation expenses and costs (including Plaintiffs' expert's fees and costs) incurred by Plaintiffs in this matter. The amounts to be paid shall be established by separate binding letter of agreement between the parties to be executed, and said amounts becoming due simultaneous with the execution of this Stipulation for Settlement. If, however, counsel for the Parties are unable to determine the attorneys' fees and costs, including litigation expenses, expert's fees and costs, to be paid, the amount to be paid shall be determined by the District Judge or a Magistrate Judge as the Court deems appropriate and pursuant to Southern District of Florida Local Rule 7.3. Should this alternative fee resolution become necessary, upon notifying the Court of the settlement of this action, the Parties shall request the Court to refer this matter to the United States Magistrate Judge for determination of the amount of fees, costs and litigation expenses to be awarded. Upon determination by the District Judge or the Magistrate Judge of the attorneys' fees, costs, litigation expenses, expert's fees and costs issue, such fees and costs shall be made payable to the trust account of Plaintiffs' counsel on or before ten (10) days from the date of such determination.

10. **REIMBURSEMENTS:** Defendants agree to reimburse Plaintiffs, the Association for Disabled Americans, Inc., and Florence Ireton, the sum of $250.00 each for administrative and other expenses incurred during the course of this litigation. Said sums shall be made payable to the trust account of Heethuis And Associates LLC. and shall be due upon the execution of this Stipulation for Settlement.

11. **Confidentiality:** The Parties warrant that all the provisions of this Stipulation for Settlement will remain in strict confidence, except where disclosure is required by law or appropriate legal process to enforce this Stipulation for Settlement. The Parties agree to refrain from making any statements about this Settlement Agreement except to represent that the case has been settled.

16

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

The Plaintiffs and their attorney may acknowledge to any party that Plaintiffs have filed a Complaint, that Defendants have denied any and all liability, and that the case has been settled amicably without admission of liability by any party. The parties agree, however, that the Defendants may disclose such information: 1) pursuant to court order, 2) to defend against any other threatened or pending litigation as it deems appropriate for defending against other claims, 3) in the ordinary course of business to its, architects, contractors, consultants, officials, agents, attorneys, accountants and lenders, 4) to other persons as required to effectuate the terms of this Stipulation for Settlement, including the application for Permit(s) from local authorities, or 5) to the Court in any enforcement hearing. It is further agreed by the Parties that any breach or compromise of this nondisclosure provision whatsoever shall be deemed a material breach of this Stipulation for Settlement.

12.  **Discrimination:** Defendants acknowledge that they, and their agents and employees, should not discriminate against any individual because that individual has opposed any act or practice made unlawful by the ADA, or because any individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing regarding this matter or under the ADA, nor should Defendants or any of their agents or employees coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or because he or she aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA, in compliance with the mandates of 28 CFR §36.206 thereof. However, Defendants retain the right to refuse service to any person for any non-discriminatory reason.

13.  **Time of the Essence:** The Parties further agree that time is of the essence in all respects regarding this Stipulation for Settlement.

14.  **Entire Agreement:** This Stipulation constitutes the entire agreement between the Plaintiffs and Defendants and supersedes any prior understandings, agreement, or representations by or between the Plaintiffs and Defendants, written or oral that may have related in any way to the subject matter hereof.

15.  **Headings:** The section headings contained in this Stipulation are inserted for convenience only and shall not affect in any way the meaning or interpretation of this agreement.

17

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

16. **Severability:** Any term or provision of this Stipulation that is invalid or unenforceable in any situation in any jurisdiction shall not affect the validity or enforceability of the remaining terms and provisions hereof or the validity or enforceability of the offending term or provision in any other situation or in any other jurisdiction. If the final judgment of a court of competent jurisdiction declares that any term or provision hereof is invalid or unenforceable, the Plaintiffs and Defendants agree that the court making the determination of invalidity or unenforceability shall have the power to reduce the scope, duration, or area of the term or provision, to delete specific words or phrases, or to replace any invalid or unenforceable term or provision with a term or provision that is valid and enforceable and that comes closest to expressing the intention of the invalid or unenforceable term or provision, and this Stipulation shall be enforceable as so modified after the expiration of the time within which the judgment may be appealed.

17. **Construction:** The language used in this Stipulation will be deemed to be the language chosen by both the Plaintiffs and Defendants to express their mutual intent, and no rule of strict construction shall be applied against any Party. Any reference to any federal, state or local statute, law or regulation shall be deemed also to refer to all rules and regulations promulgated there under, unless the context requires otherwise. The Plaintiffs and Defendants intend that each representation and covenant contained herein shall have independent significance.

18. **Submission to Jurisdiction:** The Parties irrevocably consent to the exclusive jurisdiction of the United States District Court for the Southern District of Florida regarding any matter based upon or arising out of this Stipulation or matters contemplated herein.

19. **Authority of Defendant, , Thai Island LLC.:** Defendant stipulates and represents it is duly organized and validly existing and in good standing under the laws of the State of Florida. Defendant further stipulates and represents that it is authorized to engage in business in the State of Florida, and it has the power and authority to execute and deliver this Stipulation for Settlement and to perform their obligations hereunder.

20. **Authority of Individual Defendants:** Each person executing this Stipulation for Settlement on the Defendants' behalf stipulates that he or she has the authority or has been authorized to sign on behalf of the respective party and to bind each to the terms of this Stipulation for Settlement.

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

and to perform their obligations hereunder.

20. ~~Authority of Individual Defendants: Each person executing this Stipulation for Settlement on the Defendants' behalf stipulates that he or she has the authority or has been authorized to sign on behalf of the respective party and to bind each to the terms of this Stipulation for Settlement.~~

21. ~~Authority of Plaintiffs: Each person executing this Stipulation for Settlement on the Plaintiffs' behalf stipulates that he or she has the authority or has been authorized to sign on behalf of the respective party and to bind each to the terms of this Stipulation for Settlement.~~

22. ~~Dismissal With Prejudice: Upon execution of this Stipulation for Settlement, the Parties shall file a joint motion indicating that the matter has been resolved in accordance with this Stipulation for Settlement and requesting that the matter be dismissed with prejudice, subject to the Court reviewing, approving and ratifying this Stipulation for Settlement and retaining jurisdiction for enforcement purposes.~~

21. Effective Date: This settlement agreement shall be effective when executed by the parties.

22. Counterparts: This settlement agreement may be executed in counterparts by the parties and shall be enforceable if executed.

THAI ISLAND, LLC, Defendant

By: _____

Date Executed: 12-15-11


Date Executed: _____

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC


**Robert Cintron, Esq.**
Attorney for Defendant Thai Island LLC

Date Executed: 12/15/11

By: _____

Key West, FL 33041
Telephone: (305) 296-5676
Facsimile: (305) 296-4331

Date Executed: ~~_____~~

~~Florence Ireton, Individually~~

~~By: _____~~

~~Florence Ireton, Plaintiff~~

~~Date Executed: _____~~

19

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC


Robert Cintron, Esq.
Attorney for Defendant Thai Island LLC


Date Executed:_____

By:_____
    Key West, FL 33041
    Telephone: (305) 296-5676
    Facsimile: (305) 296-4331

Date Executed:_____


Florence Ireton Individually

By: _Florence Ireton_____
    Florence Ireton Plaintiff

Date Executed: 12-14-11

ASSOCIATION FOR DISABLED AMERICANS AND
FLORENCE IRETON V. THAI ISLAND LLC

ASSOCIATION FOR DISABLED AMERICANS Plaintiff

By: _____
    Daniel Ruiz
    President

Date Executed: Dec 1?, 2011


Max Heethuis, Esq.

Attorneys for Plaintiffs The Association For Disabled Americans and Florence Ireton

By: _____
    MAX HEETHUIS ESQUIRE
    Florida Bar No. 075899
    9225 Collins Ave #307
    Surfside, Florida 33134
    Tel: (269) 370-4751

Date Executed: Dec. 14, 2011

21